# IN THE COURT OF APPEALS OF IOWA

No. 21-0522
Filed December 7, 2022

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DALTON WAYNE COOK,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Wapello County, Joel D. Yates,
Judge.

        Dalton Cook appeals his conviction and sentence on a charge of willful
injury causing serious injury.  **AFFIRMED.**

        Denise M. Gonyea of McKelvie Law Office, Grinnell, for appellant.

        Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant
Attorney General, for appellee.

        Considered by Bower, C.J., Ahlers, J., and Doyle, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206
(2022).

**DOYLE, Senior Judge.**

Dalton Cook appeals after a jury found him guilty of first-degree robbery, first-degree burglary, and willful injury causing serious injury. He contends there is insufficient evidence showing he aided and abetted the commission of willful injury causing serious injury. He also contends the district court erred by failing to merge the willful-injury and first-degree-robbery convictions, resulting in an illegal sentence.

### I. Background Facts and Proceedings.

Colt Stewart was in the front yard of an Ottumwa home repairing a bicycle rim and using his phone when three masked men approached. One of the men carried a rifle. A shorter man with red hair carried a knife. Someone said, "We're here to rob you," and the man with the knife smacked the phone out of Stewart's hand. Stewart pushed down the man with the knife and punched the man with the rifle before someone yelled, "Shoot him." The man with the rifle shot Stewart in the thigh.

After the shooting, the masked men entered the home. The man with the rifle went to the bedroom where Joseph Garrett slept and woke him by demanding drugs and money, the rifle aimed at Garrett's head. When Garrett laughed, the man responded by grabbing Randi Hanrahan, a guest in the home. The man pulled Hanrahan into the room by her hair and held the rifle to her head before fleeing with $100 and a purse.

Law enforcement searched for and found the suspects in the area. Gunfire was exchanged, and a bullet shattered the front passenger window of the police chief's vehicle. The man with the rifle was taken into custody after he was shot.

One of the men died at the scene. And the man carrying a knife, later identified as Cook,[1] was caught hiding in a creek.

The State charged Cook with first-degree robbery, first-degree burglary, willful injury causing serious injury, and ten counts of attempt to commit murder. The district court granted Cook judgment of acquittal on eight counts of attempt to commit murder before submitting the remaining counts to the jury. The jury acquitted Cook on one charge of attempt to commit murder of the police chief. The jury found Cook guilty of the lesser-included offense of assault with intent to cause serious injury on the attempted murder charge relating to Stewart. The jury also found Cook guilty as charged on the counts of robbery, burglary, and willful injury relating to Stewart. The court merged the assault and willful-injury convictions before sentencing Cook.

**II. Sufficiency of the Evidence.**

Cook first challenges his willful-injury conviction, arguing there is insufficient evidence to support it. We review the sufficiency of the evidence for correction of errors at law. *See State v. Lacey*, 968 N.W.2d 792, 800 (Iowa 2021). "Under this standard, the court is highly deferential to the jury's verdict. We will affirm the jury's verdict when the verdict is supported by substantial evidence." *Id.* Evidence is substantial if it may convince a rational person of the defendant's guilt beyond a reasonable doubt. *Id.* In making this determination, we view the evidence and all reasonable inferences that can be drawn from it in the light most favorable to the

---

[1] Although Cook did not have the knife on his person when he was taken into custody, he was the shortest of the three men and the only one with red hair, matching the description Stewart gave of the man with the knife.

State.  *Id.*  The question is whether the evidence supports the finding the jury made, not whether it would support a different finding.  *Id.*

The jury found Cook guilty of aiding and abetting his cohort in committing willful injury causing serious injury by shooting Stewart.  The court instructed the jury that aiding and abetting means

> to knowingly approve and agree to the commission of a crime, either by active participation in it or by knowingly advising or encouraging the act in some way before or when it is committed.  Conduct following the crime may be considered only as it may tend to prove the defendant's earlier participation.  Mere nearness to, or presence at, the scene of a crime, without more evidence, is not "aiding and abetting."  Likewise, mere knowledge of the crime is not enough to prove "aiding and abetting."

"Aiding and abetting may be proven by direct or circumstantial evidence.  Direct and circumstantial evidence are equally probative."  *State v. Crawford*, 974 N.W.2d 510, 517 (Iowa 2022) (citation omitted).

Cook argues there is insufficient evidence showing he participated in or encouraged the shooting of Stewart.  Although he concedes someone yelled, "Shoot him," Cook notes that Stewart never identified which man gave the command.  But the shooter—the man holding the rifle—had no reason to say it.  Of the two others, Cook began the physical confrontation with Stewart and Stewart bested him.  It is not unreasonable to conclude Cook was the person who shouted encouragement.

Even if Cook did not, substantial evidence supports a finding that he participated in the shooting.  Cook went to the home intending to rob it.  He knew that one of his cohorts carried a rifle while he was armed with a knife.  Cook, knife in hand, started the physical attack that led to the shooting.  That he showed no

surprise at the shooting and continued with the robbery tend to prove his participation or encouragement. Viewing the evidence in the light most favorable to upholding the verdict, a reasonable fact finder could conclude Cook aided and abetted in the shooting of Stewart.

### III. Merger.

Cook also contends the district court imposed an illegal sentence by failing to merge his willful-injury and robbery convictions. We considered and rejected the same argument in affirming the convictions of Cook's codefendant. *See State v. Biddy,* No. 21-0565, 2022 WL 3068909, at *3 (Iowa Ct. App. Aug. 3, 2022) (rejecting claim that conviction for willful injury of Stewart must merge with robbery conviction because assaults or threats to Garrett and Hanrahan are separate acts supporting the robbery conviction). For the same reasons, we reject Cook's claim and affirm.

**AFFIRMED.**